UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Civ. No. 6:12-cv-1618-Orl-22-KRS |
| WV UNIVERSAL MANAGEMENT, LLC; GLOBAL FINANCIAL ASSIST, LLC; LEADING PRODUCTION, LLC; WILLY PLANCHER; VALBONA TOSKA; HES MERCHANT SERVICES COMPANY, INC.; BUSINESS FIRST SOLUTIONS, INC.; VOICEONYX CORP.; HAL E. SMITH; JONATHON E. WARREN; RAMON SANCHEZ-ORTEGA; UNIVERSAL PROCESSING SERVICES OF WISCONSIN, LLC; DEREK DEPUYDT, | |
| Defendants. | |

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS
TO DEFENDANTS WILLY PLANCHER, VALBONA TOSKA, WV UNIVERSAL
MANAGEMENT, LLC, GLOBAL FINANCIAL ASSIST, LLC,
AND LEADING PRODUCTION, LLC**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a

Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal

Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and

Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to

obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of

contracts, restitution, disgorgement of ill-gotten gains, and other equitable relief for Defendants' acts

or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the

FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.

Plaintiff and Defendants Willy Plancher, Valbona Toska, WV Universal Management, LLC, Global Financial Assist, LLC, and Leading Production, LLC ("Stipulating Defendants"), have agreed to entry of this Stipulated Order for Permanent Injunction and Final Judgment ("Order") by this Court in order to resolve all claims against Stipulating Defendants in this action. Plaintiff and Stipulating Defendants have consented to entry of this Order without trial or adjudication of any issue of law or fact herein.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.   This Court has jurisdiction over this matter.

2.   The Complaint charges that Stipulating Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violations of the Telemarketing Sales Rule, 16 CFR Part 310, in connection with the marketing and sale of credit card interest rate reduction services.

3.   Stipulating Defendants neither admit nor deny any of the allegations set forth in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.   Stipulating Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.   Stipulating Defendants and the Commission waive all rights to appeal or otherwise challenge the validity of this Order.

2

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Assisting Others"** includes, but is not limited to:

   A. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

   B. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

   C. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

   D. providing names of, or assisting in the generation of, potential customers;

   E. performing marketing, billing, or payment services of any kind; and

   F. acting or serving as an owner, officer, director, manager, or principal of any entity.

3

3.      "Corporate Defendants" or "Receivership Defendants" means WV Universal Management, LLC, Global Financial Assist, LLC, and Leading Production, LLC; and their successors and assigns.

4.      "Debt Relief Product or Service" means any product, service, plan or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

5.      "Defendants" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.      "Document" or "Documents" means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

7.      "Financial Institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.      "Financial Related Product or Service" means any product or service represented, directly or by implication, to:

A. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

B. improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

C. provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

D. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

E. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

9. **"Individual Defendants"** means Willy Plancher and Valbona Toska, and by whatever other names each may be known.

10. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

12. **"Stipulating Defendants"** means Willy Plancher, Valbona Toska, WV Universal Management, LLC, Global Financial Assist, LLC, and Leading Production, LLC, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5

13.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## I.

### PERMANENT BAN ON ROBOCALLS

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from initiating, or causing others to initiate, any telephone call that delivers a prerecorded message.

## II.

### PERMANENT BAN ON TELEMARKETING

**IT IS FURTHER ORDERED** that Stipulating Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from participating in Telemarketing, or Assisting Others engaged in Telemarketing.

## III.

### PERMANENT BAN ON MARKETING DEBT RELIEF PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, whether acting directly or through any Person, are hereby permanently restrained and enjoined from engaging in, participating in, or Assisting Others in the advertising, marketing, promotion, offering for sale,   sale, or distribution of any Debt Relief Product or Service.

6

**IV.**

<u>**PROHIBITED PRACTICES RELATING TO**</u>
<u>**FINANCIAL RELATED PRODUCTS OR SERVICE**</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Financial Related Product or Service, are permanently restrained and enjoined from:

    A.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

        1.    The terms or rates that are available for any loan or other extension of credit, including but not limited to:

            a.    closing costs or other fees;

            b.    the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

            c.    the savings associated with the credit;

            d.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third party;

e.      whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

f.      that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

g.      that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed.

2.      That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.      Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit; and

4.      Any aspect of any mortgage loan modification service or foreclosure relief service, including, but not limited to, the amount of savings or reduction in interest rate, loan principal, or monthly payment that a consumer will receive from purchasing, using, or enrolling in such mortgage loan modification service or foreclosure relief service; the amount of time before a consumer will receive a mortgage loan modification or relief from foreclosure; the likelihood that a consumer will obtain a modified mortgage loan or relief from foreclosure; or the reduction or cessation of collection calls.

B.     Advertising or Assisting Others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

**V.**

**PROHIBITED PRACTICES RELATING TO
ANY PRODUCTS OR SERVICES**

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are permanently restrained and enjoined from misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or public, non-profit, or other non-commercial program, or any other program;

C.     The total costs to purchase, receive, or use, or the quantity of, the product, or service;

D.     Any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; and

E.     Any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

9

## VI.

## SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless, at the time such representation is made, Stipulating Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## VII.

## MONETARY JUDGMENT AND SUSPENSION

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Two Million Thirty-Two Thousand Six Hundred and Twenty-Six dollars ($2,032,626.00), is entered against Stipulating Defendants, jointly and severally, as equitable monetary relief. The judgment is suspended subject to the provisions of the Subsections below.

B.      The Commission's agreement to the suspension of the monetary judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' representations regarding their financial conditions, as set forth in the transcripts of the depositions of

10

the Individual Defendants taken on February 14 and 15, 2013, and on the financial statements provided to the Commission and attached as exhibits to those transcripts (collectively, "financial representations").

  C. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that the Defendant failed to disclose any material Asset, materially misstated the value of any Asset, or made any other material misstatement or omission in the financial representations identified above.

  D. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents unjust enrichment alleged in the Complaint), less any amounts already paid plus interest computed from the date of entry of this Order.

  E. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

  F. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

  G. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

  H. Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) which they previously submitted to

the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

      I.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.

## CUSTOMER INFORMATION

      **IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

      A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days;

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Stipulating Defendant obtained prior to entry of this Order in connection with the marketing or sale of the marketing of credit card interest rate reduction services; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days of a final disposition of this action against all defendants.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

IX.

## PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly, or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Debt Relief Product or Service from any Stipulating Defendant.

X.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

13

A.    Each Stipulating Defendant within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to Sections IV, V, and VI of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury.

1.    Each Stipulating Defendant must:  (a) identify the primary physical, postal and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify

14

all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years following entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

15

2.     Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. WV Universal Management, LLC, et al., x13007.

## XII.

### RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant Leading Production, LLC, and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must maintain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     A copy of each unique advertisement or other marketing material.

### XIII.

### COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested

information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

   B.  For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Such Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

   C.  The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

XIV.

**COOPERATION**

  **IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendants must provide truthful and complete information, evidence and testimony. Stipulated Defendants must appear, and, with respect to the Corporate Defendants, cause their officers, employees, representatives, or agents to appear, for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written

18

notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XV.

## COMPLETION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Michael Gore as Receiver over the Receivership Defendants pursuant to the order of October 30, 2012 (Docket No. 10) and affirmed by the order of November 14, 2012 (Docket No. 31) is hereby continued in full force and effect except as modified by this Section.

A.     The Receiver is directed and authorized to accomplish the following:

1.     Complete, as necessary, the liquidation of the assets of the Receivership Defendants;

2.     Prepare and file with the Court a final report describing the Receiver's activities pursuant to this Order and the Preliminary Injunction Order, and a final application for compensation and expenses; and

3.     Upon the Court's approval of the Receiver's final application for compensation and expenses, distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties.

B.     Upon completion of the above tasks, the duties of the Receivership shall terminate, and the Receiver shall be discharged.

C.     Any party or the Receiver may request that the Court extend the Receiver's term for good cause.

## XVI.

### DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Assets of the Individual Defendants

pursuant to the Preliminary Injunction entered in this action (Docket 31) is hereby lifted permanently.

The freeze on the Assets of the Corporate Defendants shall remain in effect until such time as the

Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver

is discharged pursuant to Section XV of this Order.  A financial institution shall be entitled to rely

upon a letter from Plaintiff stating that the freeze on Stipulating Defendants' Assets has been lifted.

## XVII.

### JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes

of construction, modification, and enforcement of this Order.

SO ORDERED, this _23rd_ day of _September_, 2013.

Anne C. Conway
United States District Judge

SO STIPULATED:

**FEDERAL TRADE COMMISSION**

Michael Milgrom
Attorney for Plaintiff
Federal Trade Commission

Date: SEPTEMBER 5, 2013

20

**DEFENDANTS**

*Willy Plancher*

Willy Plancher, individually and as a manager/member of
Global Financial Assist, LLC, WV Universal Management, LLC
and Leading Production, LLC

Date: ___June 26, 2013___

*Valbona Toska*

Valbona Toska,  individually and as a manager/member of
Global Financial Assist, LLC, WV Universal Management, LLC
and Leading Production, LLC

Date: __6.26.13___

*Willy Plancher*

Leading Production, LLC, by Willy Plancher

Date: ___June 26, 2013___

*Willy Plancher*

WV Universal Management LLC, by Willy Plancher

Date: ___June 26, 2013___

*Willy Plancher*

Global Financial Assist, LLC by Willy Plancher

Date: ___June 26, 2013___