UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

v.                                      Case No:   6:12-cv-1618-Orl-22KRS

**HES MERCHANT SERVICES COMPANY, INC., BUSINESS FIRST SOLUTIONS, INC., VOICEONYX CORP., HAL E. SMITH, JONATHON E. WARREN, RAMON SANCHEZ-ORTEGA, UNIVERSAL PROCESSING SERVICES OF WISCONSIN, LLC and DEREK DEPUYDT,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Defendants HES Merchant Services and Hal E. Smith's ("HES and Smith") Motion to Dismiss (Doc. No. 87) the Federal Trade Commission's (the "FTC") Amended Complaint (Doc. No. 61), in response to which the FTC filed a Memorandum in Opposition (Doc. No. 100). HES and Smith filed a Reply in support of their Motion. (Doc. No. 115). For the reasons stated herein, the Motion will be denied.

**I. BACKGROUND**

The FTC alleges that the Defendants in this action worked together to perpetuate a telemarketing scheme to sell fraudulent credit card interest rate reduction services. The FTC initially sued WV Universal Management, LLC, Global Financial Assist, LLC, Leading Production, LLC, Willy Plancher, and Valbona Toska (the "Original Defendants"), (*see* Doc. No. 1); after commencing discovery against these Defendants, the FTC obtained leave to file an

amended complaint that incorporated the remaining Defendants as well as more substantial factual allegations.

The FTC specifically alleged that HES and Smith contributed the following to the scheme: (1) at least two merchant accounts that enabled the telemarketing scheme to charge upfront fees to victims' credit cards for the deceptive credit card rate reduction services; (2) services used to dispute and reverse chargebacks obtained by consumers; (3) monitoring services, including on-site personnel, to help address day-to-day operational issues; and (4) computer tablets, which often did not work, to give to consumers in an attempt to reduce the likelihood of successful chargebacks. (Am. Compl. (Doc. No. 61) ¶ 32.) The FTC claims that, absent the merchant accounts, the telemarketing scheme would have failed because it would have been unable to charge customers' credit card accounts. (Am. Compl. ¶ 34.) Smith allegedly monitored the business and periodically visited the business premises, purportedly to give advice and set requirements for Plancher and Toska. (Am. Compl. ¶ 36.) Smith also forced Plancher and Toska to provide consumers with the aforementioned computer tablets. (Am. Compl. ¶ 37.) As compensation for their involvement and services, HES and Smith allegedly received up to forty-two percent of the gross sales made by the telemarketing scheme, amounting to an estimated total of $1.18 million; HES and Smith were also paid for the computer tablets and received bonuses for successfully reversing chargebacks. (Am. Compl. ¶ 38.)

## II. LEGAL STANDARDS

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain

'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

Section Five of the Federal Trade Commission Act ("FTC Act") prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). The Telemarketing Sales Rule ("TSR"), which the FTC also accuses HES and Smith of violating, prohibits various "deceptive telemarketing acts or practices." 16 C.F.R. § 310.3. There is a split in authority over whether claims brought under the FTC Act, and by implication the TSR, require Rule 9(b)'s heightened pleading standard. *Compare FTC v. Freedom Commc'ns, Inc.*, 401 F.3d 1192, 1203 n.7 (10th Cir. 2005) (noting in dicta that an FTC Act claim "simply is not a claim of fraud as that term is commonly understood or as contemplated by Rule 9(b)" because "[u]nlike the elements of common law fraud, the FTC need not prove scienter, reliance, or injury to establish" a violation), *and FTC v. Sterling Precious Metals, LLC*, No. 12-80597-CIV, 2013 WL 595713, at *3 (S.D. Fla. Feb. 15, 2013), *with FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 852-54 (C.D. Cal. 2010) (holding the opposite). The Court finds the conclusion and reasoning of the Tenth Circuit in *Freedom Communications* to be superior. Even if the heightened pleading standard for fraud were

applicable, however, the Court's conclusion as to the sufficiency of the FTC's Amended Complaint would remain the same.

### III. ANALYSIS

HES and Smith do not dispute that the Original Defendants violated the FTC Act or the TSR; rather, they argue that the FTC's allegations are insufficient to tie them to those violations.[1] The FTC responds that it successfully pleaded claims under both provisions because HES and Smith are liable for the deceptive practices both as members of a common enterprise with the Original Defendants and as direct participants through their control of the scheme.

**A. Common Enterprise**

First, HES and Smith assert that they were not engaged in a common enterprise with the other named Defendants. The FTC Act ignores the individual identities of corporate defendants when assessing their role in deceptive practices if the structure, organization, and pattern of a business venture reveal "an integrated business," "maze of interrelated companies," or common enterprise. *Del. Watch Co. v. FTC*, 332 F.2d 745, 746 (2d Cir. 1964) (per curiam) (citation omitted). When corporations are found to be in a common enterprise, "each may be held liable for the deceptive acts and practices of the other." *FTC v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1182 (N.D. Ga. 2008) (citations omitted). There is not one universal or mandatory "factor test" to determine whether a common enterprise exists, despite the protestations of HES and Smith; instead, "the pattern and frame-work of the whole enterprise must be taken into consideration." *Del. Watch Co.*, 332 F.2d at 746 (citation omitted). Factors courts in this Circuit have considered

---

[1] HES and Smith also claim that dismissal is warranted because the FTC "lumped" them together with the other Defendants throughout the Amended Complaint. The Amended Complaint plainly satisfied Rule 8 by giving HES and Smith fair notice of their alleged wrongful conduct, so this argument fails.

include "common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; and evidence that reveals that no real distinction exists between the corporate defendants." *Nat'l Urological Grp.*, 645 F. Supp. 2d at 1182.

Drawing all inferences in favor of the FTC, it is clear that the Amended Complaint states a plausible claim against HES and Smith under a common enterprise theory of liability. The Amended Complaint alleges that Smith "proposed . . . a business that would be a one-stop shop for the telemarketing, sale and fulfillment of" the credit card interest reduction services. (Am. Compl. ¶ 23.) In furtherance of the scheme, HES and Smith allegedly arranged for merchant accounts that made it possible for telemarketers to charge consumers' credit cards; without this service, the deceptive practices could not have generated a profit. (Am. Compl. ¶ 34.) According to the Amended Complaint, HES and Smith also provided services to dispute and reverse chargebacks obtained by consumers; monitoring services, including on-site personnel, to help address day-to-day operational issues; and computer tablets, which often did not work, to give to consumers in an attempt to reduce the likelihood of successful chargebacks. (Am. Compl. ¶ 32.) HES and Smith were, allegedly, richly rewarded for these services, taking payments totaling an estimated $1.18 million or more. The Court has no trouble concluding that the FTC successfully pleaded claims under the FTC Act and the TSR against Defendants HES and Smith according to a common enterprise theory.

**B. Smith's Individual Liability**

An individual can be liable for deceptive practices that he did not personally perform. Once the FTC establishes corporate liability, an individual member of the corporation can be found liable

if he directly participated in the deceptive practices or acts or had authority to control them. *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 470 (11th Cir. 1996) (quoting *Amy Travel Serv., Inc.*, 875 F.2d 564, 573 (7th Cir. 1989)). If the FTC attempts to prove individual liability via control, the FTC must also "demonstrate that the individual had some knowledge of the practices." *Id.* Demonstrating that an individual had actual knowledge of the deceptive practices, reckless indifference to the truth or falsity of the material misrepresentations being made, or "an awareness of a high probability of fraud along with an intentional avoidance of truth" are all sufficient means of proving the knowledge element of individual liability. *Nat'l Urological Grp.*, 645 F. Supp. 2d at 1207 (citations omitted).

The FTC successfully alleged corporate liability against HES, Smith's eponymous company. The Amended Complaint also included sufficient factual allegations to establish Smith's authority to control the deceptive practices and his knowledge of the same. Smith allegedly conceived of the "one-stop shop" for the telemarketing business, facilitated its credit card transactions (the primary source of profit), and controlled the "flow of money into the business," which allowed him to take his payments "automatically and from the business' gross sales, before factoring in the other business expenses." (Am. Compl. ¶ 39.) The FTC plausibly alleged knowledge of the deceptive practices through these allegations and by claiming that Smith periodically visited the business to give advice and "establish[] requirements." (Am. Compl. ¶ 36.) Smith's alleged scheme to provide customers with tablet devices to limit their success in obtaining chargebacks is also probative of his knowledge of the deceptive practices. Thus, the Amended Complaint plausibly alleged that Smith is individually liable under the FTC Act and the TSR.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendants HES Merchant Services and Hal E. Smith's Motion to Dismiss (Doc. No. 87), filed August 7, 2013, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 19, 2014.

*[Signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties