UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

v.                                                                          Case No:   6:12-cv-1618-Orl-22KRS

**HES MERCHANT SERVICES
COMPANY, INC., HAL E. SMITH and
UNIVERSAL PROCESSING SERVICES
OF WISCONSIN, LLC,**

      **Defendants.**

## ORDER

This cause comes before the Court on the Federal Trade Commission's ("FTC") Motion for Permanent Injunction against Defendants Hal E. Smith and HES Merchant Services Company, Inc. ("Smith") (Doc. No. 211), to which Smith responded (Doc. No. 231) and the FTC replied (Doc. No. 238). The Court held a hearing on this and two related motions on February 5, 2015. For the following reasons, the Motion will be granted and the attached injunction entered.

### I. BACKGROUND

This is the final stage of an FTC action to dismantle a telemarketing boiler room and recover consumer funds from the various companies and individuals who facilitated the scam. Ten defendants settled, but two did not: the credit card processing company (UPS), whom the FTC accused of violating the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.3(b), by assisting and facilitating the boiler room's unlawful business practices, and a key participant in the venture (Smith), whom the FTC accused of violating the TSR and Section 5 of the FTC Act, 15 U.S.C. § 45. On November 18, the Court granted summary judgment in favor of the FTC and against UPS

and Smith, (Doc. No. 208), and ordered the FTC to file motions for permanent injunctions and monetary relief in the form of a requested final judgment. The FTC did so on December 5.

## II. LEGAL STANDARDS & ANALYSIS

Section 13(b) of the FTC Act provides that "in proper cases the [FTC] may seek, and after proper proof, the court may issue, a permanent injunction" for violations of "any provision of law enforced by the [FTC]." 15 U.S.C. § 53(b). This includes violations of the TSR. 15 U.S.C. § 6105(b). An injunction may incorporate "fencing-in" provisions, which "serve to 'close all roads to the prohibited goal, so that (the FTC's) order may not be by-passed with impunity,'" *Litton Indus., Inc. v. FTC*, 676 F.2d 364, 370 (9th Cir. 1982) (quoting *FTC v. Ruberoid Co.*, 343 U.S. 470, 473, 72 S. Ct. 800, 803 (1952)), so long as all such provisions "bear a 'reasonable relation to the unlawful practices found to exist,'" *id.* (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 394-95, 85 S. Ct. 1035, 1047-48 (1965)); *see also FTC v. RCA Credit Servs., LLC*, No. 8:08-cv-2062-T-27AEP, 2010 WL 2990068, at *5 (M.D. Fla. July 29, 2010). Even if a defendant's unlawful conduct has ceased, a permanent injunction may still be "appropriate if 'the defendant's past conduct indicates that there is a reasonable likelihood of further violations in the future.'" *FTC v. USA Fin., LLC*, 415 F. App'x 970, 975 (11th Cir. 2011) (per curiam) (quoting *SEC v. Caterinicchia*, 613 F.2d 102, 105 (5th Cir. 1980)). To determine the likelihood of future violations, courts consider "the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations." *RCA Credit Servs.*, 2010 WL 2990068, at *5 (quoting *SEC v. CarribaAir, Inc.*, 681 F.2d 1318, 1322 (11th Cir. 1982)).

The FTC introduced uncontroverted evidence of Smith's continuous and substantial involvement in telemarketing schemes based on credit card interest rate reduction services and timeshare resales. (Doc. No. 211 at 4-6.) At the hearing, Smith's counsel attempted to minimize Smith's role in the scheme vis-à-vis other defendants, but could only offer his client's age and declining health as factors to mitigate the likelihood of future violations. Consideration of the legal standards outlined above reveals the necessity of a strong injunction against Smith. His participation in this and other telemarketing schemes was obvious and substantial, and with a high degree of scienter; he does not appear to recognize the wrongful nature of his conduct, as he apparently intends to resume similar business activities; and there is no reason to believe that he will abstain from future violations merely because of his age or health. Thus, the Court will exercise its discretion to enter the attached injunction.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. The Federal Trade Commission's Motion for Permanent Injunction against Defendants Hal E. Smith and HES Merchant Services Company, Inc. (Doc. No. 211), filed December 5, 2014, is **GRANTED**.

2. The Clerk is directed to enter the attached Final Judgment and Order against Defendants Smith and HES.

**ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANTS HAL E. SMITH AND HES MERCHANT SERVICES COMPANY, INC**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its First Amended Complaint for a Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, disgorgement of ill-gotten gains, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310. Defendants Hal E. Smith, a/k/a H.E. Smith ("Smith") and Defendant HES Merchant Services Company, Inc., ("HES") having been found to have violated Section 5 of the FTC Act and the TSR, the Court hereby issues this permanent injunction and final judgment.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This court has jurisdiction over this matter.

2. Defendants Smith and HES have violated Section 5 of the FTC Act and the TSR as alleged in the complaint and set forth in this Court's Summary Judgment opinion, Doc. 208.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "**Asset**" **or** "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined

      in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. "**Assisting Others**" includes, but is not limited to:

   A. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

   B. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

   C. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

   D. providing names of, or assisting in the generation of, potential customers;

   E. performing marketing, billing, or payment services of any kind; and

   F. acting or serving as an owner, officer, director, manager, or principal of any entity.

3. "**Corporate Defendant**" means HES and its successors and assigns.

4. "**Debt Relief Product or Service**" means any product, service, plan or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

5. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually,

collectively, or in any combination.

6. "**Document**" or "**Documents**" means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

7. "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8. "**Financial Related Product or Service**" means any product or service represented, directly or by implication, to:

   A. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

   B. improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

   C. provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

   D. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

   E. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

9. "**Individual Defendant**" means Smith, and by whatever other names he may be known.

10. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11. "**Plaintiff**" means the Federal Trade Commission ("Commission" or "FTC").

12. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## I.

## TWENTY-YEAR BAN ON ROBOCALLS

**IT IS ORDERED** that Defendants, whether acting directly or indirectly, are restrained and enjoined from initiating, or causing others to initiate, any telephone call that delivers a prerecorded message for twenty years from the entry of this Order.

## II.

## TWENTY-YEAR BAN ON TELEMARKETING

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly, are restrained and enjoined from participating in Telemarketing, or Assisting Others engaged in Telemarketing for twenty years from the entry of this Order.

## III.

## TWENTY-YEAR BAN ON MARKETING DEBT RELIEF PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly, are hereby restrained and enjoined from engaging in, participating in, or Assisting Others in the advertising, marketing, promotion, offering for sale, sale, or distribution of any Debt Relief Product or Service for twenty years from the entry of this Order.

## IV.

## PROHIBITED PRACTICES RELATING TO
## FINANCIAL RELATED PRODUCTS OR SERVICE

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Financial Related Product or Service, are, for twenty years from the entry of this Order, restrained and enjoined from:

A.   Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1.   The terms or rates that are available for any loan or other extension of credit, including but not limited to:

   a.   closing costs or other fees;

   b.   the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

   c.   the savings associated with the credit;

   d.   the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third party;

   e.   whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

- 9 -

      f.    that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

      g.    that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed.

2.    That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit; and

4.    Any aspect of any mortgage loan modification service or foreclosure relief service, including, but not limited to, the amount of savings or reduction in interest rate, loan principal, or monthly payment that a consumer will receive from purchasing, using, or enrolling in such mortgage loan modification service or foreclosure relief service; the amount of time before a consumer will receive a mortgage loan modification or relief from foreclosure; the likelihood that a consumer will obtain a modified mortgage loan or relief from foreclosure; or the reduction or cessation of collection calls.

B.    Advertising or Assisting Others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

**V.**

**PROHIBITED PRACTICES RELATING TO
ANY PRODUCTS OR SERVICES**

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual

notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are, for twenty years from the entry of this Order, restrained and enjoined from misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    A.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

    B.    That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or public, non-profit, or other non-commercial program, or any other program;

    C.    The total costs to purchase, receive, or use, or the quantity of, the product, or service;

    D.    Any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; and

    E.    Any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

## VI.

## SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are, for twenty years from the entry of this Order, restrained and enjoined from making any representation or Assisting Others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless, at the time such representation is

made, Stipulating Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## VII.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of One Million Seven Hundred Thirty-Four Thousand Nine Hundred and Seventy-Two dollars ($1,734,972.00) is entered against Defendants, jointly and severally, as equitable monetary relief.

B.  Defendants are ordered to pay to the Commission the sum of One Million Seven Hundred Thirty-Four Thousand Nine Hundred and Seventy-Two dollars ($1,734,972.00). Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission.

C.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants, practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

      A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days;

      B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Stipulating Defendant obtained prior to entry of this Order in connection with the marketing or sale of credit card interest rate reduction services; and

      C.     Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days of a final disposition of this action against all Defendants.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## IX.

## PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly, or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Debt Relief Product or

Service from any Defendant.

**X.**

**ORDER ACKNOWLEDGMENTS**

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five (5) years after entry of this Order, the Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to Sections IV, V, and VI of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

**XI.**

**COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.  One (1) year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

   1.  Each Defendant must: (a) identify the primary physical, postal and email

address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For twenty (20) years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business

activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. WV Universal Management, LLC, et al., x13007.

## XII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years. Specifically, HES and. Smith, for any business in which a Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## XIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Such Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.

Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.

## **SEVERABILITY**

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XV.

## **JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 11, 2015.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties