FILED

2015 MAY 19  PM 2: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

WV UNIVERSAL MANAGEMENT, LLC,
*et al.*,

Defendants.

**Civ. No. 6:12-cv-1618-Orl-22-KRS**

**JUDGE ANNE C. CONWAY**

**MAGISTRATE KARLA R. SPAULDING**

### FINAL MONETARY JUDGMENT AS TO DEFENDANT UNIVERSAL
### PROCESSING SERVICES OF WISCONSIN, LLC, also d/b/a NEWTEK
### MERCHANT SOLUTIONS

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its *First*

*Amended Complaint for Permanent Injunction and Other Equitable Relief* ("Amended

Complaint") against Defendant Universal Processing Services of Wisconsin, LLC, also d/b/a

Newtek Merchant Solutions ("UPS") for a permanent injunction and other equitable relief

pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 53(b)

and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C.

§§ 6101-6108.  On November 18, 2014, this Court granted the FTC's Motion for Summary

Judgment, finding UPS liable for assisting and facilitating telemarketing violations in

violation of Section 310.3(b) of the Telemarketing Sales Rule.  (Doc. No. 208.)  On February

11, 2015, this Court granted the FTC's Motion for Equitable Monetary Relief, finding UPS

and other defendants liable for equitable monetary relief.  (Doc. No. 242.)

The Court hereby enters this *Final Monetary Judgment as to Defendant Universal Processing Services of Wisconsin, LLC, also d/b/a Newtek Merchant Solutions* ("Order"). THEREFORE, IT IS ORDERED as follows:

1.    Judgment is entered in favor of the Commission against UPS, jointly and severally, in the amount of One Million Seven Hundred Thirty-Four Thousand Nine Hundred and Seventy-Two dollars ($1,734,972.00), as equitable monetary relief.

2.    Payment must be made by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

3.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to UPS's practices alleged in the Amended Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. UPS has no right to challenge any actions the Commission or it representatives may take pursuant to this Subsection.

**SO ORDERED**, this ___19___ day of ___May___, 2015.

*Anne C Conway*

The Honorable Anne C. Conway
United States District Judge
Middle District of Florida

2