# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

**v.**                                                    **Case No:   6:12-cv-1618-Orl-22KRS**

**HES MERCHANT SERVICES**
**COMPANY, INC., HAL E. SMITH and**
**UNIVERSAL PROCESSING SERVICES**
**OF WISCONSIN, LLC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANT UNIVERSAL PROCESSING SERVICES OF WISCONSIN, LLC'S NOTION OF MOTION TO STAY MONETARY JUDGMENT AND WAIVE BOND REQUIREMENT (Doc. No. 302)**
>
> **FILED:**      **January 20, 2017**

### I.  BACKGROUND.

Plaintiff Federal Trade Commission ("FTC") instituted this action against multiple defendants, including Defendant Universal Processing Services of Wisconsin, LLC ("UPS"), alleging violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. § 310.3 ("TSR"), in connection with a telemarketing scheme purporting to be a credit card interest rate reduction service.  Doc. Nos. 1, 61.  The FTC moved for summary

judgment against UPS, and the Court granted that motion.  Doc. No. 208.  On February 11, 2015, the Court imposed joint and several liability for equitable money relief in the amount of $1,734,972 against UPS and two other defendants.  Doc. No. 242.

UPS appealed the Court's rulings to the Eleventh Circuit.  It then sought a stay of execution of judgment pending appeal.  Rather than posting a supersedeas bond, UPS agreed with the FTC that it could deposit the amount of the judgment in the Court's Registry.  On September 9, 2015, the Court granted a stay of execution of judgment and allowed UPS to deposit the amount of the judgment in the Court's Registry.  Doc. No. 274.

The Eleventh Circuit affirmed this Court's judgment in all respects, except that it vacated the judgment insofar as it imposed joint and several liability for equitable monetary relief in the amount of $1,734,972 against UPS.  Doc. No. 283.  It remanded the case for findings of fact and conclusions of law as to whether and why UPS was jointly and severally liable for restitution and in what amount.  *Id.* at 4.  The Eleventh Circuit issued its mandate on August 10, 2016.  Doc. No. 284.

After the Eleventh Circuit issued its mandate, UPS filed a motion asking the Court to release the funds it deposited into the Court's Registry, plus accrued interest.  Doc. No. 287.  The Court granted that motion on October 18, 2016, Doc. Nos. 292, 295, and the Clerk's Office disbursed $1,737,674.95 (representing the original funds deposited, plus interest) to UPS On November 1, 2016.  Doc. No. 298.

On October 26, 2016, the Court again entered judgment finding UPS jointly and severally liable in the amount of $1,734,972.  Doc. Nos. 296, 297.  UPS has again appealed to the Eleventh Circuit.  Doc. No. 299.  It now asks the Court to stay the Court's October 26 monetary judgment

and waive the bond requirement set forth in Federal Rule of Civil Procedure 62(d) pending appeal. Doc. No. 302. The FTC opposes the motion, Doc. No. 303, and it is now ripe for decision.

**II.     DISCUSSION.**

Federal Rule of Civil Procedure 62(d) provides, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond." "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[1] Under this rule, "[i]f a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of appeal," the district court may, in its discretion, substitute some form of guaranty of judgment of responsibility for the supersedeas bond. *Id.* at 1191. However, defendants normally must post a full security supersedeas bond, *id.*, and "the courts should only allow lesser bonds on extraordinary occasions." *Nelson v. Freightliner LLC*, No. 5:01-cv-266-Oc-22GRJ, 2004 U.S. Dist. LEXIS 30941, at *3 (M.D. Fla. June 25, 2004) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 171 F.R.D. 327, 328 (S.D. Fla. 1997)). Courts generally find that the posting of a bond is inappropriate in only two circumstances: (1) where the defendant's ability to pay the judgment is "so plain that the cost of the bond would be a waste of money"[2]; and (2) where the bond requirement would put the

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] UPS also urges the Court to follow the Seventh Circuit's factors, as set forth in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988), and consider "the degree of confidence that the district court has in the availability of funds to pay the judgment." This is essentially the same as considering whether the ability to pay the judgment is "so plain that the cost of the bond would be a waste of money."

- 3 -

defendant's other creditors in undue jeopardy. *Id.* (quoting *Avirgan v. Hull*, 125 F.R.D. 185, 196 (S.D. Fla. 1989).

UPS does not argue that posting a bond would put its other creditors in undue jeopardy[3]; instead, it argues that the Court should waive the bond requirement because of its financial strength. In support of this argument, it cites to three pieces of evidence: (1) its previous posting of the full amount of judgment with the Court; (2) the Form 10-Q for the period ending September 30, 2016, filed by UPS's parent, Newtek Business Services Corp., which states that UPS is valued at $62 million and had $4.489 million in income before taxes for the nine months ending September 30, 2016 (Doc. No. 302-1, at 5-8); and (3) an affidavit from its Controller, Adam Eddelson, which states that UPS had cash of $7.6 million as of December 31, 2016 (*id.* at 3).

I recommend that the Court find that UPS had not sufficiently demonstrated that its ability to pay the judgment is "so plain that the cost of a bond would be a waste of money." As this Court has previously observed, limited financial data such as "annual sales figures and operating revenue" do not suffice to show that a defendant is one of the extraordinary parties who should be excused from the bond requirement. *See Nelson*, 2004 U.S. Dist. LEXIS 30942, at *3. Knowing UPS's value and income as of September 30, 2016, does little to inform the Court about the company's current financial well-being or assure the Court that UPS will remain solvent throughout the appeal. Likewise, the fact that UPS had $7.6 million in cash as of December 31, 2016 (approximately three weeks before UPS filed its motion) does not show that is currently able to pay the judgment, let alone that it will be able to do so if the Eleventh Circuit affirms this Court's judgment. *See Lary v. Boston Sci. Corp.*, No. 11-cv-23820, 2015 WL 1000966, at *1-2 (S.D. Fla. Mar. 6, 2015) (denying

---

[3] Indeed, UPS submitted an affidavit in which its Controller, Adam Eddelson, avers that "UPS is . . . not in such a precarious financial situation that the requirement to post a bond would place other creditors of UPS in an insecure position." Doc. No. 302-1, at 3.

motion to waive bond requirement to stay $14,027,911 judgment where defendants showed that they had $587 million in cash and cash equivalents, access to $2.3 billion in credit, and operating cash flows in excess of $1.1 billion for each of the last three years where defendants faced large litigation judgments and many tort and class action claims). Finally, UPS's ability to post the full amount of the judgment in September 2015 does not provide the Court with any useful information about UPS's current ability to pay the judgment or its ability to do so in the future if the Eleventh Circuits affirms the Court's judgment. In this case, the cost of a supersedeas bond would not be a "waste of money"; rather, it would maintain the status quo and protect the FTC's rights.

UPS has not cited any authority to the contrary. The only case it cites in which a court waived the bond requirement altogether based on the financial position of the judgment debtor, *Dillon v. City of Chicago*, is clearly distinguishable: it involved a sizeable municipality which had already appropriated funds for the payment of this type of award. 866 F.2d at 905 (noting that the judgment was "guaranteed to be paid from the Corporate Payroll Fund of the City of Chicago" and that the City made appropriations into this fund annually in an amount designed to provide adequate funds for payment of the type of award at issue in this case). UPS's invitation to consider "the complexity of the collection process" and "the amount of time required to obtain a judgment after it is affirmed on appeal," following *Dillon*, also does not change the analysis. Although UPS argues that collecting the judgment will be quick and easy, its arguments assume that UPS will have the funds available to pay the judgment at the time it is affirmed on appeal. Mere ease of collection does not, standing along, justify waiving the bond requirement when the Court entertains doubts about a judgment debtor's ability to pay. Ultimately, UPS has not established that this is an "extraordinary" case that warrants waiving the appeal bond requirement.

### III. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that UPS's motion to stay judgment without posting a bond (Doc. No. 302) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 31, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy