UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

v.                                                                **Case No:   6:12-cv-1618-Orl-22KRS**

**HES MERCHANT SERVICES
COMPANY, INC., HAL E. SMITH and
UNIVERSAL PROCESSING SERVICES
OF WISCONSIN, LLC,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Defendant Universal Processing Services of Wisconsin, LLC's ("UPS") Objection (Doc. 306) to the Magistrate Judge's Report and Recommendation ("R & R") (Doc. 304). The R & R recommended denial of UPS's motion to stay judgment without posting a bond. (Doc. 304 at 6). For the reasons stated herein, the Court will adopt and confirm the R & R and will deny UPS's motion.

**I.      PROCEDURAL BACKGROUND**

The Federal Trade Commission ("FTC") brought this action against telemarketers and their credit card payments processor to dismantle a telemarketing boiler room and recover consumer funds from the various companies and individuals who facilitated the scam. The FTC moved for summary judgment against UPS, and the Court granted this motion. (Doc. 208). On February 11, 2015, the Court entered Orders granting equitable monetary relief and permanently enjoined Defendants from certain activities. (Docs. 240, 241, 242, 265 (transcript)). UPS appealed the Court's Order. Thereafter, the FTC and UPS filed a joint motion to "stay proceedings to enforce

- 2 -

judgment and ordering deposit of funds." (Doc. 273). The Court granted the joint motion to stay execution of judgment and permitted UPS to deposit the amount of judgment in the Court's Registry. (Doc. 274).

Thereafter, the Eleventh Circuit affirmed most of the Court's judgment except for the Eleventh Circuit remanded the case for findings of fact and conclusions of law with respect to the issue of whether UPS was jointly and severally liable. (Doc. 283). After the Eleventh Circuit issued its mandate, UPS filed a motion seeking release of the funds it had deposited into the Court's Registry (Doc. 287), which the Court granted. (Docs. 292, 295). The funds were disbursed to UPS. (Doc. 298). On October 26, 2016, the Court issued findings of fact and conclusions of law again finding that UPS was jointly and severally liable, and the Court entered judgment to that effect. (Docs. 296, 297). UPS appealed this judgment, and filed the present motion to stay the monetary judgment and waive the bond requirement. (Doc. 302).

The Magistrate Judge issued an R & R recommending denial of UPS's motion and concluding that UPS failed to show an "extraordinary occasion" warranting waiver of the bond requirement. To make such a showing, UPS must objectively demonstrate a present financial ability to "facilely respond to a money judgment and present[] to the court a financially secure plan for maintaining that same degree of solvency during the period of appeal." (Doc. 304 at 3, 6) (citing *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979)). In objecting to the R & R, UPS contends that the Magistrate Judge erred in recommending denial of UPS's motion by adding an additional requirement to Rule 62(d) that UPS prove that it will remain solvent throughout the appeal, and that the Magistrate Judge failed to account for the collective strength of the financial data that UPS submitted. (Doc. 306 at 1).

## II. LEGAL STANDARD & DISCUSSION

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted); *see also Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

Rule 62(d) of the Federal Rules of Civil Procedure governs the granting of a stay pending appeal and provides, in relevant part, that "by giving a supersedeas bond" an appellant "may obtain a stay." Fed. R. Civ. P. 62(d). In addition, "'if a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal,' the district court, at its discretion, may substitute some form of guaranty of judgment responsibility for the supersedeas bond." *Advanced Estimating Sys., Inc. v. Riney*, 171 F.R.D. 327, 328 (S.D. Fla. 1997). The general rule, however, is that a full security supersedeas bond is required, "and the courts should only allow lesser bonds on extraordinary occasions." *Id.*

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

As the Magistrate Judge properly noted, there are two limited circumstances that permit a court to find that the bond requirement may be waived: "(1) where the defendant's ability to pay the judgment is 'so plain that the cost of the bond would be a waste of money'; and (2) where the bond requirement would put the defendant's other creditors in undue jeopardy." (Doc. 304 at 3–4) (citing *Nelson v. Freightliner LLC*, No. 5:01-cv-266-Oc-22GRJ, 2004 U.S. Dist. LEXIS 30941, at *3 (M.D. Fla. June 25, 2004)). The parties do not dispute that the present case involves only the first instance—whether UPS's ability to pay the judgment is so plain that the bond is a waste of money.

The Magistrate Judge found that UPS had failed to establish an extraordinary occasion warranting waiver of the bond requirement because UPS had not demonstrated that a bond would be a waste of money. (Doc. 304 at 4). Rather, the Magistrate Judge concluded that the bond is required to maintain the status quo and protect the FTC's rights. (*Id*. at 5). UPS objects to the R & R for two reasons. First, according to UPS, the Magistrate Judge imposed an additional requirement that UPS demonstrate that it will remain solvent throughout the appeal. (Doc. 306 at 1). UPS does not cite case law to support its argument. In any event, the Magistrate Judge's consideration of this factor was correct because, in order for the Court to exercise its discretion in waiving the bond, the moving party must demonstrate that it has "a present financial ability" to satisfy the money judgment, *and* the moving party is required to present "to the court a financially secure plan for maintaining that same degree of solvency *during the period of an appeal*." *Advanced Estimating Sys., Inc*., 171 F.R.D. at 328 (emphasis added).

While UPS has demonstrated that, in the past three years, it may have been capable of responding to the money judgment against it, it has failed demonstrate that it has a "financially secure plan" to maintain this ability throughout the appeal. Rather, UPS believes it need not make

such a showing. This is incorrect. The Magistrate Judge properly considered and weighed whether UPS has demonstrated that it will remain solvent throughout the appeal. *See Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1190–91 (5th Cir. 1979)[2] (stating that the judgment debtor must present plan for maintaining "same degree of solvency during appeal"); *see also Slater v. Progress Energy Serv. Co*., LLC, No. 8:09-cv-208-T-24EAJ, 2010 WL 5209342, at *5 (M.D. Fla. Dec. 16, 2010) (same).

Second, UPS objects to the R & R arguing that the Magistrate Judge did not consider the "collective strength" of the financial data that UPS submitted. According to UPS, the evidence demonstrates that "for the past three years and as recently as just over a month ago, [UPS] was sufficiently solvent such that the cost of a bond would be an unnecessary waste of money." (Doc. 306 at 4). The Magistrate Judge, citing the undersigned Judge, recognized that limited financial data such as annual sales figures and operating revenue do not suffice to show that a defendant is one of the extraordinary parties who should be excused from the bond requirement. *Nelson*, 2004 U.S. Dist. LEXIS 30941, at *3. These figures establish UPS's financial history over the past few years and just before the motion was filed, but do not establish UPS's ability to pay the judgment during the appeal. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D 348, 353 (E.D. Mich. 1998) (stating that Rule 62(d)'s bond requirement is not a "mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment. Ideally, losing parties will always have sufficient funds to pay the award, but if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity.").

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit held that the decisions of the Former Fifth Circuit handed down before September 30, 1981 shall be binding as precedent in the Eleventh Circuit.

The undersigned Judge agrees with the Magistrate Judge that UPS has not demonstrated an extraordinary occasion warranting waiver of the bond. Therefore, UPS's motion to stay the judgment pending appeal without posting a bond will be denied.

### III.   CONCLUSION

Based on the foregoing, it is ordered as follows:

1.   The Defendant Universal Processing Services of Wisconsin, LLC's Objection (Doc. 306), filed on February 14, 2017, is **OVERRULED**.

2.   The Report and Recommendation (Doc. 304), issued January 31, 2017, is **ADOPTED and CONFIRMED** and made a part of this Order.

3.   Defendant Universal Processing Services of Wisconsin, LLC's motion to stay monetary judgment without posting a bond (Doc. 302), filed on January 20, 2017, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 24, 2017.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties